**In re WHEELING–PITTSBURGH STEEL CORPORATION, et al., Debtors.**

**WHEELING–PITTSBURGH STEEL CORPORATION and the National Labor Relations Board, Movants,**

v.

**RECONSTITUTED CREDITORS COMMITTEE, Respondent.**

**Bankruptcy No. 85–793 PGH.**

**Motion No. 88–783.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 13, 1992.

George L. Cass, Pittsburgh, PA, for debtors.

Robert G. Sable, Pittsburgh, PA, for Official Committee of Unsecured Creditors.

### ORDER OF COURT

WARREN W. BENTZ, Bankruptcy Judge.

At Erie in the said District on this 13th day of May, 1992, upon the Joint Motion of Wheeling–Pittsburgh Corporation and The National Labor Relations Board to Compromise Controversy and after notice and hearing, and it appearing to the Court that the settlement provided for in the Settlement Agreement attached to the Motion is fair and equitable and in the best interests of all creditors in Class 4A, and that this Order is necessary to effectuate the settlement, it is hereby ORDERED as follows:

1. NLRB, on behalf of Ernest B. Swiger, shall be allowed the following claims:

A claim entitled to priority under Bankruptcy Code § 507(a)(3) and (4) in the amount of $2,000; and

A claim entitled to priority as an administrative priority under Bankruptcy Code § 507(a)(1) in the amount of $57,698.91.

A general unsecured non-priority claim in Class 4A under Wheeling–Pittsburgh's Confirmed Plan of Reorganization in the amount of $40,000.

2. The administrative priority claim and the wage priority claim, aggregating $59,698.91, shall be paid in full in cash by the Disbursing Agent from the reserve held for unpaid claims in Class 4A under the Plan of Reorganization.

3. The unsecured non-priority Class 4A claim shall be paid by the Disbursing Agent in accordance with the provisions of the Plan of Reorganization for allowed claims in Class 4A and the initial distribution on that claim shall be 68.591975% of $40,000, or $27,436.79.

4. This Court's Order dated April 23, 1990 at Motion No. 88–703, 113 B.R. 187, is hereby vacated as moot and has no precedential value. See *U.S. v. Munsingwear*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950).