In re James **ARNOTT** Jr. and Laurie Arnott, Debtors.

James Arnott Jr., and Laurie Arnott, Movants,

v.

**Internal Revenue Service, Respondent.**

No. 07–25307–TPA.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 9, 2008.

Nicole M. Elliott, for the Internal Revenue Service.

## MEMORANDUM ORDER

THOMAS P. AGRESTI, Bankruptcy Judge.

This matter stems from *Proof of Claim 4–1* ("Proof of Claim") filed by a creditor which self-identified itself on the *Proof of Claim* form as "Department of the Treasury–Internal Revenue Service." Debtors responded by filing an *Objection to Claim of Internal Revenue Service* ("Objection"), Document No. 128, in which they named the Internal Revenue Service ("IRS") as

the respondent. That was followed by a *Motion to Dismiss,* Document No. 132, filed by the IRS seeking to have the *Objection* dismissed on the grounds that the proper party respondent should have been the "United States" and the "United States" had not been properly served.

In response to the *Motion to Dismiss* this Court issued a *June 18, 2008 Memorandum Opinion and Order,* Document No. 133, denying the *Motion to Dismiss* and finding that the IRS was the proper respondent to the *Objection* since it was the party that had filed the *Proof of Claim* in dispute and had identified itself accordingly. The Court also found that proper service of the *Objection* had been made pursuant to *Fed.R.Bankr.P. 3007(a).*

Subsequently, the Debtors were able to obtain more information about the *Proof of Claim* which apparently satisfied them as to the issues they had raised in the *Objection* because they sought leave to withdraw it, a request granted by the Court on September 9, 2008. *See* Document Nos. 164, 167. One day following the dismissal, the IRS filed *Respondent's Unopposed Motion to Vacate* ("Motion to Vacate"), Document No. 168, which is the matter presently before the Court for decision.

The *Motion to Vacate* argues that the *June 18, 2008 Memorandum Opinion and Order* should be vacated because the IRS disagrees with it and would like to seek review of it, but has been frustrated from doing so by the withdrawal of the *Objection.* The IRS characterizes what has happened here as "mootness by happenstance". It argues that this mootness provides a sufficient reason for the Court to vacate the *June 18, 2008 Memorandum Opinion and Order* pursuant to the holding in *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

In *Munsingwear* the Court stated that its "established practice" in dealing with a federal court civil case that has become moot pending appeal is to "reverse or vacate the judgment below and remand with a direction to dismiss." 340 U.S. at 39, 71 S.Ct. 104. The Third Circuit has observed that the purpose of the practice expressed in *Munsingwear* is "to prevent a party from being bound by a judgment the 'review of which was prevented through happenstance.'" *Humphreys v. Drug Enforcement Administration*, 105 F.3d 112, 113–14 (3d Cir.1996). The reference to "happenstance" is an allusion to the equitable and discretionary nature of the decision whether to vacate in these circumstances. *Id.* at 114 (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)). *See also, In re Wheeling–Pittsburgh Steel Corp.*, 147 B.R. 874, 875 (Bankr.W.D.Pa.1992) (bankruptcy court vacated one of its prior orders in the same case under the principle expressed in *Munsingwear*).

For a number of reasons the Court will grant the *Motion to Vacate*. First, there is no question that the withdrawal of the *Objection* by the Debtors has deprived the IRS of the ability to seek review of the *June 18, 2008 Memorandum Opinion and Order*. Second, the IRS has represented to the Court that the matters decided therein are of "considerable importance" to it, and the Court accepts that statement as true. Third, there is no evidence to indicate that the IRS engaged in any effort to engineer the withdrawal of the *Objection* as a means to render the *June 18, 2008 Memorandum Opinion and Order* moot and thereby avoid its effect. *See, e.g., U.S. Bancorp, supra* (a previous decision need not be vacated when a case becomes moot due to settlement). For these reasons the Court concludes that the mootness by happenstance scenario under *Munsingwear* is properly invoked in this case.

Having granted the *Motion to Vacate*, the Court nevertheless seeks to make clear that this decision is in no way premised on a belief that the *June 18, 2008 Memorandum Opinion and Order* was wrongly decided. Neither in the current pleading nor at the time of argument did the IRS (and by extension the United States) do anything to convince the Court that it would have been likely to prevail on an appeal of the *June 18, 2008 Memorandum Opinion and Order* had the case taken a different procedural path in the event there was an opportunity to appeal. Indeed, the Court candidly advised counsel at the argument on the *Motion to Vacate* that the same result would be reached if the same issues were to come before the Court again in the future (barring some intervening change in applicable law) and suggested that the IRS take more care when filing proofs of claim in the future. After all, it was the IRS' apparent improper designation of the "party" filing the *Proof of Claim* that set this series of events in motion. The Debtor merely objected to the same party designation placed on the record by the IRS when it commenced the "litigation" by filing its *Proof of Claim*. Nevertheless, the Court's belief as to the soundness of the decision in question under these circumstances is not a sufficient basis to deny the *Motion to Vacate*.

*AND NOW,* this *9th day* of *October, 2008,* for the reasons stated above, it is hereby *ORDERED, ADJUDGED and DECREED* that the *Motion to Vacate* filed at Document No. 168 by the Internal Revenue Services is *GRANTED* and the *June 18, 2008 Memorandum Opinion and Order* filed at Document No. 133 is hereby *VACATED.*